UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KEEN | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. H-11-1415 |
| | § | |
| WAUSAU BUSINESS INSURANCE | § | |
| COMPANY | | |

## <u>OPINION AND ORDER</u>

Pending before the Court is Plaintiff Timothy Keen's motion to remand this case to the 152nd District Court for Harris County. Doc. 8. Also pending before the Court are motions to dismiss Keen's amended complaint filed by Defendants Adrianne Annette Herrera (Doc. 15) and Wausau Business Insurance Company ("Wausau") (Doc. 19).

Defendants have responded to Keen's motion to remand and argued that Keen cannot state a claim against Herrera, the non-diverse Defendant in this case, and that Herrera therefore is improperly joined in this case. Doc. 12.

Having considered the motion to remand, the facts of this case, and the relevant law, the Court finds that the Herrera is improperly joined and should be dismissed. Because no non-diverse parties remain in this action, the Court denies Keen's motion to remand.

In its motion to dismiss, Wausau urges the Court to dismiss Keen's amended complaint in light of the Texas Supreme Court's recent decision in *Ruttiger*.[1] Doc. 19.

The Court finds that *Ruttiger* forecloses Keen's claims under the Texas Insurance Code and the DTPA and therefore grants Liberty's motion for summary judgment as to these claims. Because *Ruttiger* did not explicitly foreclose the traditional cause of action for breach of

---

[1] *Texas Mutual Insurance Co. v. Ruttiger*, --- S.W.3d ----, 2011 WL 3796353 (Tex. Aug. 26, 2011).

common law duties of good faith and fair dealing, however, the Court denies Wausau's motion on this ground. Nevertheless, because Keen fails to satisfy the pleading requirements of Rule 8(a)(2), the Court dismisses this remaining claim but grants Keen leave to amend.

Background

This case arises out of the Defendants' purported mishandling of Keen's workers' compensation claim. Doc. 10 at 3.  In his amended complaint, Keen asserts that he was injured on the job while working for Cencor Realty Services, Inc. *Id.* Keen does not identify the cause, nature, or extent of his injuries. Nor does he state that he sought or received medical care for the injuries.

Although Keen does not state as much, it appears from the nature of his complaint that Wausau provided workers' compensation coverage to Keen's employer, Cencor Realty Services, and that Herrera was the adjuster assigned to his case. Keen also fails to allege that he filed for workers' compensation benefits, but claims that "[r]ather than properly investigate Mr. Keen's injuries to ensure Mr. Keen would receive the medical and other benefits to which he was entitled[,] . . . without reasonable basis, WAUSAU and Ms. Herrera chose to continue to deny timely payment of insurance benefits." *Id.* Keen alleges that Wausau and Herrera denied his claim for benefits on August 12, 2009, and October 15, 2009. *Id.* "After proceeding through all preliminary proceedings before the Texas Department of Insurance, Mr. Keen was able to secure a binding final determination from the Texas Department of Insurance, Division of Workers' Compensation, ordering payment of the long overdue benefits." *Id.* at 4.

Keen filed his original petition against Wausau and Herrera in the 152nd District Court for Harris County on March 4, 2011 asserting claims for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). Doc. 1 at 12-20. On April 13,

Defendants removed that case to this Court stating that Herrera, a Texas citizen, was joined improperly and that complete diversity existed between the parties. *Id.* at 1-7. On June 15, Keen moved to remand this case to the 152nd District Court (Doc. 8) and on June 22, he filed an amended complaint adding a claim for breach of the duty of good faith and fair dealing against both Defendants. On August 26, Herrera filed a motion to dismiss. Doc. 15. On October 11, Wausau filed its own motion to dismiss. Doc. 19.

<u>Standard of Review for Improper Joinder</u>

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal, a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved

against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may determine a plaintiff's possibility of recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

<u>Standard of Review for Motion to Dismiss</u>

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in

conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

<u>Motion to Remand</u>

In his motion to remand, Keen argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Doc.8.    Defendants respond that Keen improperly joined Herrera to defeat diversity.

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Herrera, the in-state defendant. *Smallwood*, 385 F.3d at 573. Defendants urge that Keen cannot recover from Herrera because he has not "pled any factual allegations regarding Defendant Herrera that form the basis of any cause of action against her individually, as opposed to the carrier." Doc. 1 at 4. Keen argues that his "unambiguous pleadings outlin[e] Herrera's personal responsibility for the wrongful acts at issue" sufficient to state a claim against Herrera in her individual capacity. Doc. 8 at 2

While Keen is correct that specific and individualized factual allegations against an adjuster can give rise to individual liability, his complaint fails to meet this standard. Keen alleges generally that "[t]he Defendants . . . fail[ed] to conduct a reasonable investigation of the events and facts relating to Mr. Keen's claim." Doc. 10 at 4. His allegations against Herrera in her individual capacity are an almost verbatim recitation that Herrera "fail[ed] to conduct a reasonable and objective investigation of the facts giving rise to Plaintiff's claim." *Id.* at 5.

This Court previously has stated that when an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D.Tex. Jan. 20, 2011).

Here, because Keen's claims against Herrera are identical to his claims against Wausau, he fails adequately to state a claim against Herrera. For that reason, Herrera is improperly joined in this action and Keen's motion to remand is denied.

<u>Wausau's Motion to Dismiss</u>

Wausau argues that, as a result of the *Ruttiger* decision, "[i]ndividual plaintiffs may no longer pursue actions against workers' compensation carriers under Texas Insurance Code Section 541.060" or the DTPA. Doc. 19 at 2-3. Wausau additionally asserts that "it is almost certain that plaintiffs may no longer assert common law bad faith claims either" and that Keen's claims for Wausau's alleged breach of the common law duty of good faith and fair dealing also must be dismissed. *Id.*

<u>*Ruttiger* Forecloses Claims Under Section 541.060 and the DTPA</u>

In his amended complaint, Keen claims that Wausau's initial denial of his workers'

compensation claims violated the Texas Insurance Code provisions which prohibit unfair settlement practices by an insurer "with respect to a claim by an insured." Tex.Ins.Code § 541.060(a). Specifically, Keen claims that Wausau violated provisions of Section 541.060 that prohibit an insurer from:

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A) a claim with respect to which the insurer's liability has become reasonably clear; . . .

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; . . .

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Tex.Ins.Code §§ 541.060(a)(2)(A), (a)(3), (a)(7). Keen also alleges that Wausau breached portions of the Texas Insurance Code that prohibit an insurer from:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; [or]

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Tex.Ins.Code §§ 541.061(1-3).

Keen's claims are foreclosed by the Texas Supreme Court's ruling in *Tex. Mut. Ins. Co.*

*v. Ruttiger*, 2011 WL 3796353.[2] In *Ruttiger*, the plaintiff filed suit against his employer's workers' compensation carrier, alleging violations of the Insurance Code and the DTPA, as well as a breach of the duty of good faith and fair dealing, for the insurer's delay in paying workers' compensation benefits. *Id*. at \*3. The Texas Supreme Court found that "the current [Texas Workers' Compensation] Act with its definitions, detailed procedures, and dispute resolution process demonstrating Legislative intent for there to be no alternative remedies," foreclosed a plaintiff's right to a private action under Section 541.060 of the Texas Insurance Code. *Id.* at \*12; *see also England v. Liberty Mut. Ins. Co.*, 2011 WL 5873002, \*5 (S.D.Tex. Nov. 21, 2011) (The Texas Supreme Court "determined that the general provisions of § 541.060 of the Insurance Code were inconsistent with the legislative intent of the amended TWCA.").

Because Keen asserts rights to private action under § 541.060 that have been foreclosed by the Texas Supreme Court, the Court finds that Keen's claims must be dismissed.

Keen also alleged in his initial complaint that "Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA." The Texas Supreme Court in *Ruttiger* confronted the same circumstance in which a plaintiff's DTPA claims turn on a defendant's violation of the Insurance Code and found that, because Insurance Code claims were foreclosed, DTPA claims also must fail. *Ruttiger*, 2011 WL 3796353 at \*14. Here, because Keen cannot recover on his Insurance Code claims, his DTPA claims necessarily must fail. The Court therefore dismisses Keen's DTPA claims.

<u>*Ruttiger* Does Not Explicitly Foreclose Claims Alleging a Breach of the Duty of Good Faith and Fair Dealing</u>

Keen asserts that Wausau "had a duty to deal fairly and in good faith with Mr.

---

[2] The Texas Supreme Court's opinion in *Ruttiger* has not been published and remains subject to withdrawal or modification. Because it nonetheless reflects the current position of the state's highest court on this issue, the court will consider it in accordance with *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Keen in the processing of the workers' compensation claim" that it breached when it "refus[ed] to properly investigate" that claim. Doc. 10 at 8. Keen's common law claim asserts a right within the framework of *Aranda v. Ins. Co. of North America*, which established the right of employees to assert claims for breach of the duty of good faith and fair dealing against workers' compensation insurers. 748 S.W.2d 210, 215 (Tex. 1998). Wausau contends that "[t]he Texas Supreme Court's *Ruttiger* decision also likely precludes claims for common law bad faith against carriers," but admits that *Ruttiger* does not explicitly eliminate common law claims for breach of the duty of good faith and fair dealing. Doc. 19 at 5. In the absence of an explicit ruling by the Texas Supreme Court on the continuing vitality of the *Aranda* action, this Court declines to overrule established state law precedent. Wausau's motion to dismiss on this ground therefore is denied.

As discussed above, however, Keen's amended complaint contains little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly,* 550 U.S. at 555. Apart from his allegations that he a) worked for Cencor Realty Services, b) was injured on the job, and c) that Wausau denied his claim, Keen's amended complaint consists almost entirely of legal conclusions. *See* Doc. 10. His allegations relating to breach of the duty of good faith and fair dealing are that Wausau "breached this duty by refusing to properly investigate and effectively denying medical care and other benefits . . . [and that Wausau] knew or should have known that there was no reasonable basis for denying or delaying the required benefits." *Id.* at 8. Such a statement, unaccompanied by factual allegations, fails to satisfy the pleading requirements of Rule 8(a)(2). The Court therefore dismisses Keen's remaining claim for breach of the duty of good faith and fair

dealing, but grants Keen leave to amend his claim to conform to the federal pleading requirements.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff Timothy Keen's motion to remand (Doc. 8) is **DENIED** and that his claims against Defendant Adrianne Annette Herrera are **DISMISSED**.

**ORDERS** that Defendant Wausau Business Insurance Company's motion to dismiss (Doc. 19) is **GRANTED** with respect to Keen's claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Further, the Court

**ORDERS** that Keen's remaining claim for breach of the common law duty of good faith and fair dealing is **DISMISSED** without prejudice to his right to amend this claim to satisfy the pleading requirements of Rule 8(a)(2). Plaintiff shall file an amended complaint against Defendant Wausau within 30 days of the date of this order or shall inform the Court that he no longer wishes to pursue this claim.

SIGNED at Houston, Texas, this 20th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE